**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN SINCLAIR, individually and d/b/a ) <br> FORTRESS INTERNATIONAL; ) <br> CANDACE SINCLAIR, a/k/a CANDEE ) <br> JORDAN, individually and d/b/a ) <br> FORTRESS INTERNATIONAL; ) <br> DIRECTOR OF INTEGRITY ) <br> MINISTRIES; and DIRECTOR ) <br> OF INTERNATIONAL INTEGRITY ) <br> FOUNDATION, ) <br> ) <br> Defendants. ) | Civil No. 05-0045 TSZ <br><br> **PRELIMINARY INJUNCTION** |

Upon motion by Plaintiff, the United States of America, docket no. 23, the Court enters this preliminary injunction.

The Court finds that the United States has presented persuasive evidence that the Sinclairs are engaging in conduct subject to injunction under I.R.C. § 7402 and that it will suffer irreparable harm in the absence of this preliminary injunction and that defendants will suffer little, if any, harm if the preliminary injunction is granted. The United States also has presented evidence and argument sufficient to convince the Court that the United States has a high likelihood of success on the merits. Further, the United States has presented credible evidence and argument that shows the public interest will be served

through granting this preliminary injunction.  Finally, the evidence presented shows that absent this preliminary injunction, defendants will continue to violate I.R.C. §§ 6700 and 6701.  Accordingly, the Court finds that a preliminary injunction under I.R.C. § 7402 is necessary and appropriate for the enforcement of the internal revenue laws.

A. Based on the foregoing factual findings and for good cause shown, the Court ORDERS that pursuant to I.R.C. §§ 7402(a) and 7408, defendants John Sinclair, individually and doing business as Fortress International; Candace Sinclair, also known as Candee Jordan, individually and doing business as Fortress International, and anyone acting in concert with them, are preliminarily enjoined and restrained from, directly or indirectly, by use of any means or instrumentalities:

1. Organizing, promoting, marketing, or selling any trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement that advises, encourages, or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment of their federal tax liabilities;

2. Causing other persons and entities to understate their federal tax liabilities and avoid paying federal taxes;

3. Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by reason of participating in such trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement;

4. Encouraging, instructing, advising or assisting others to violate the federal tax laws, including to evade the payment of taxes;

5. Engaging in any other conduct subject to penalty under I.R.C. § 6700; i.e., by making or furnishing, in connection with the organization or sale of a trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

6. Further engaging in any conduct subject to penalty under I.R.C. § 6701, *i.e.*, aiding, assisting, or advising with respect to the preparation or presentation of any portion of a return or other

        document knowing that such document will result in the understatement of another person's income tax liability;

    7. Advising customers to impede, hinder, or obstruct IRS civil tax examinations of their liabilities; and

    8. Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

B. Pursuant to I.R.C. § 7402, that defendants within 20 days file with the Court and serve upon the government a complete list of customers (including names, addresses, phone numbers, email addresses if known, and social security numbers or employer identification numbers) who have purchased any trust or other type of entity from defendants, or sought or received any tax advice from defendants;

C. Pursuant to I.R.C. § 7402, that defendants within 20 days file with the Court and serve upon the government a complete list of all entities, including but not limited to family trusts, business trusts, unincorporated business trusts, corporations sole, and ministerial trusts, that they or anyone working at their direction has created for their customers;

D. Pursuant to I.R.C. § 7402, that defendants, at their own expense and as a corrective measure, provide a copy of the complaint and injunction to each of their customers, current and former, within eleven days of entry of the injunction. Defendants Candace Sinclair and John Sinclair must each file sworn certificates of compliance stating that the defendants have complied with this portion of the Order, within 20 days of the date of this Order, and must attach a copy of all correspondence sent with the complaint and injunction;

E. Pursuant to I.R.C. §§ 7402 and 7408, that defendants within 20 days of entry of this order file with the court and serve on the Government a complete list of defendants' former and current employees and associates; and

F.  The United States shall be permitted to engage in post-injunction discovery to monitor defendants' compliance with this and any other order entered by this Court.

IT IS SO ORDERED

DATED this 12th day of May, 2005.

_____
Thomas S. Zilly
United States District Judge

- 4 -