**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOHN SINCLAIR, individually and d/b/a ) <br> FORTRESS INTERNATIONAL; ) <br> CANDACE SINCLAIR, a/k/a CANDEE ) <br> JORDAN, individually and d/b/a ) <br> FORTRESS INTERNATIONAL; DIRECTOR ) <br> OF INTEGRITY MINISTRIES; and ) <br> DIRECTOR OF INTERNATIONAL ) <br> INTEGRITY FOUNDATION ) <br> ) <br> Defendants. ) | Civil No. 05-0045 TSZ <br><br><br> **DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DIRECTOR OF INTEGRITY MINISTRIES AND DIRECTOR OF INTERNATIONAL INTEGRITY FOUNDATION** |

This action comes before the Court upon the entry of default on May 1, 2005, against defendants Director of Integrity Ministries and Director of International Integrity Foundation, and the Plaintiff's motion for entry of judgment against these defendants under Fed. R. Civ. P. 55(b)(2), supported by a memorandum of law. Accordingly, judgment is hereby entered in favor of the plaintiff, United States of America, and against the defendants Director of Integrity Ministries and Director of International Integrity Foundation.

The Court finds that Director of Integrity Ministries and Director of International Integrity Foundation engaged in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent these defendants, and anyone

acting in concert with them, from engaging in further such conduct.  The Court further finds that these defendants engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a) to prevent the recurrence of that conduct.

Based on the foregoing and the record in this case, and for good cause shown, IT IS HEREBY ORDERED that defendants Director of Integrity Ministries and Director of International Integrity Foundation, and anyone acting in concert with them, are permanently enjoined and restrained from, directly or indirectly, by use of any means or instrumentalities:

(1) Organizing, promoting, marketing, or selling any trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement that advises, encourages, or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment of their federal tax liabilities;

(2) Causing other persons and entities to understate their federal tax liabilities and avoid paying federal taxes;

(3) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by reason of participating in such trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement;

(4) Encouraging, instructing, advising or assisting others to violate the federal tax laws, including to evade the payment of taxes;

(5) Engaging in any other conduct subject to penalty under I.R.C. § 6700; i.e., by making or furnishing, in connection with the organization or sale of a trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

(6) Further engaging in any conduct subject to penalty under I.R.C. § 6701, *i.e.*, aiding, assisting, or advising with respect to the preparation or presentation of any portion of a return or other document knowing that such document will result in the understatement of another person's income tax liability;

(7) Advising customers to impede, hinder, or obstruct IRS civil tax examinations of their liabilities; and

(8) Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

Default Judgment and Permanent Injunction
(Civil No. 05-0045 TSZ)                    -2-

Further, IT IS HEREBY ORDERED that defendants Director of Integrity Ministries and Director of International Integrity Foundation shall take the following action and file with the Court a certificate of compliance stating that they have done so within 11 days of entry of this injunction order:

- Serve upon plaintiff's counsel a complete list of customers (including names, addresses, phone numbers, e-mail addresses, and social security or employer identification numbers) who have purchased any trust or other type of entity from defendants, or sought or received any tax advice from defendants;

- Serve upon plaintiff's counsel a complete list of all entities, including but not limited to family trusts, business trusts, unincorporated business trusts, corporations sole, and ministerial trusts, that they or anyone working at their directions has created for their customers;

- Provide a copy of the complaint and injunction, at their own expense, to each of their current and former customers; and

- Serve on plaintiff's counsel a complete list of defendants' current and former employees and associates.

Finally, IT IS HEREBY ORDERED that the United States is permitted to engage in post-injunction discovery to monitor defendants' compliance with this injunction order.

IT IS SO ORDERED this <u>1st</u> day of <u>July</u>, 2005.

Thomas S. Zilly
United States District Judge

Prepared by:

  /s/ Martin M. Shoemaker
MARTIN M. SHOEMAKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
Telephone:  (202) 514-6491
Facsimile:  (202) 514-6770

Default Judgment and Permanent Injunction
(Civil No. 05-0045 TSZ)                   -3-